# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

In the Matter of the Search of

Motorola I560 Mobile Telephone
Model No.: I560
Serial No: Removed (scratched off)
Battery Serial No.: SNN5705C
(Benjamin CORTEZ)

Nokia Mobile Telephone
Model No.: 3500B
Serial No.: IMEI: 358665/01/552432/3
(Benjamin CORTEZ)

Samsung Mobile Telephone
Model No.: SGH-T219S
Serial No.: RU7Q111679N
(Dimas ALCARAZ-Preciado)

Samsung Mobile Telephone
Model No.: SGH-E236
Serial No.: RC1P979673H
(Sergio MARES-Guerrero)

Samsung Mobile Telephone
Model No.: SGH-4707
Serial No.: RVWP734069W
(Sergio MARES-Guerrero)

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

CASE NUMBER: '08 MJ 1957

I, __Joel M. Dolloff__, being duly sworn depose and say:

I am a __Special Agent with the United States Immigration and Customs Enforcement__, and have reason to believe that property or premises known as:

    See Attachment A

in the Southern District of California there is now concealed a certain person or property, namely,

    See Attachment B

which is:    Subject to seizure under Rule 41(b)(1) of the Federal Rules of Criminal Procedure because the property constitutes evidence of the commission of criminal offenses or instrumentalities used in committing criminal offenses. The criminal offenses at issue are violations of: (1) Title 21, United States Code, Section 952 and 960, importation of a controlled substance, and (2) Title 21, United States Code, Sections 841 (a)(1), Possession of a controlled substance with intent to distribute, (3) Title 21 United States Code Section 846, attempt and conspiracy.

//

See Affidavit of Joel M. Dolloff

Continued on the attached sheet and made a part thereof.   X Yes   __ No

Joel M. Dolloff
Special Agent
United States Immigration and Customs Enforcement
United States Department of Homeland Security

Sworn to before me, and subscribed in my presence

6/26/08   at   San Diego, California
Date           City and State

Louisa S. Porter, United States Magistrate Judge
Name and Title of Judicial Officer

Signature of Judicial Officer

AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANTS

I, Joel M. Dolloff, being duly sworn declare and state:

## INTRODUCTION AND EXPERTISE

1. I have been employed as a Department of Homeland Security, United States Immigration & Customs Enforcement (ICE) Special Agent (SA) since November 3, 2003. I also previously served as an officer in the United States Air Force. I am currently assigned to the Deputy Special Agent-in-Charge office in San Ysidro, California. I have been assigned to San Ysidro, Border Response Group II since January of 2007. I am assigned to conduct investigations of criminal violations relating to the smuggling, transportation and distribution of controlled substances.

   (a) As a federal law enforcement officer for more than four years, I have received formal training, as well as extensive on-the-job experience and training, relative to the investigation of the importation, transportation, sales, manufacturing and distribution of controlled substances, child pornography and stolen military equipment. I have also participated in investigations, which involved the use of electronic surveillance techniques.

   (b) I have investigated illicit narcotic, controlled substance cases that have resulted in arrests, indictments and convictions. While participating in these and other criminal investigations, I have executed search warrants on businesses, residences, vehicles, and packages. I have also participated in undercover operations, which have involved the sale, purchase, transportation and importation of controlled substances and illicit narcotics.

   (c) I have interviewed individuals who have been directly and indirectly involved in the importation, transportation, distribution and manufacturing of illegal drugs and controlled substances.

2. I completed ten weeks training from the Criminal Investigator Training Program and 10 additional weeks of Customs Basic Enforcement School at the Federal Law Enforcement Training Center in Glynco, Georgia, where I became familiar with how controlled substances are consumed, manufactured, packaged, marked and distributed.

3. Based on my experience, I have become familiar with the methods utilized in narcotics trafficking and money laundering operations. I am familiar with the trafficking patterns employed by narcotics organizations. I have also spoken with agents, as well as other law enforcement officers, about their experiences and the results of their investigations and interviews. I have become knowledgeable of the methods and modes of narcotics operations and patterns of drug abuse and

trafficking. I have become familiar with the methods of operation typically used by drug traffickers. My experience as a SA with ICE, my participation in the investigation of narcotics organizations, my conversations with other agents of ICE and other Federal, State and local law enforcement officers familiar with narcotic trafficking and my training from the basis of the opinions and conclusions set forth below, which I drew from the facts set forth herein.

## ITEMS TO BE SEARCHED

4.    I make this affidavit in support of an application for a search warrant to search:

   a. Cellular telephones found in the possession of Dimas ALCARAZ-Preciado, Benjamin CORTEZ, and Sergio MARES-Guerrero at their arrests May 21, 2008 and seized as evidence. Specifically, the cellular telephones are identified as:

Motorola I560 Mobile Telephone
Model No.: I560
Serial No: Removed (scratched off)
Battery Serial No.: SNN5705C
(Benjamin CORTEZ)

Nokia Mobile Telephone
Model No.: 3500B
Serial No.: IMEI: 358665/01/552432/3
(Benjamin CORTEZ)

Samsung Mobile Telephone
Model No.: SGH-T219S
Serial No.: RU7Q111679N
(Dimas ALCARAZ-Preciado)

Samsung Mobile Telephone
Model No.: SGH-E236
Serial No.: RC1P979673H
(Sergio MARES-Guerrero)

Samsung Mobile Telephone
Model No.: SGH-4707
Serial No.: RVWP734069W
(Sergio MARES-Guerrero)

These telephones are currently in the possession of U.S. ICE, 2255 Niels Bohr Court, San Diego, California 92154.

## FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE
## INVESTIGATION OVERVIEW

5. Set forth in the paragraphs below are the facts and circumstances learned during the course of this investigation which demonstrate the probable cause to search the locations specified in attachment A. I begin with an overview of significant events, followed by summary of recorded conversations that support my request for search warrants. The final portion of my affidavit concerns the requested search locations and the evidence I believe will be found inside those locations.

6. On May 21, 2008 at approximately 7:00 a.m. Immigration and Customs Enforcement (ICE) Special Agent (SA) Joel M. Dolloff was contacted telephonically by a Customs and Border Protection officer assigned to the San Ysidro, Port of Entry (POE), San Diego, California. Special Agent Dolloff was informed that a vehicle had been detained and had a confirmed cargo of methamphetamine concealed in the rear quarter panels of the vehicle. The vehicle was a black 1999 Pontiac Sunfire bearing California license plate 6CVN150.

7. On May 21, 2008 at approximately 8:00 a.m. ICE SA Dolloff and SA Scott Lensky contacted the driver of the vehicle (Benjamin CORTEZ, Date of Birth (DOB) March 11, 1984). SA Dolloff read CORTEZ his rights per Miranda in English from a preprinted card. CORTEZ stated he understood his rights and agreed to be interviewed. CORTEZ admitted knowledge of the narcotics in the vehicle. CORTEZ stated he was supposed to call a man in Mexico. This man was supposed to give CORTEZ a telephone number for CORTEZ to call and get directions for delivery of the narcotics. CORTEZ agreed to assist with a controlled delivery of the narcotics. CORTEZ called his contact in Mexico and was given the telephone number (516) 286-3164 and the name CHON, Last Name Unknown (LNU). CORTEZ was instructed to call the number and arrange delivery. CORTEZ agreed to call CHON and deliver the vehicle but when agents asked if CORTEZ had used narcotics, he stated that he had smoked methamphetamine at approximately 0400 hours that day.

8. At approximately 9:07 a.m., Group Supervisor (GS) Juan Jacobo contacted CHON LNU at telephone number (516) 286-3164 in an undercover capacity pretending to be CORTEZ. CHON LNU believed that GS Jacobo was CORTEZ because CORTEZ and CHON LNU had never previously met. CHON LNU told GS Jacobo that he was at the trolley stop on Palomar Street waiting to be picked up. GS Jacobo told CHON LNU that he was about 15 minutes away and asked what he was wearing. CHON stated he was wearing a black sweatshirt and a Dodger hat. CHON asked GS Jacobo what kind of furniture he was bringing and GS Jacobo said he would tell him when he got there.

9. SA Victor Estebanez took over for GS Jacobo in an undercover capacity taking the place of CORTEZ as the driver of the vehicle. SA Estebanez drove the 1999

Pontiac Sunfire laden with methamphetamine North on Interstate 5 to the Palomar A trolley station and made contact with CHON LNU. CHON LNU got in the vehicle with SA Estebanez and told him he was going to Spring Valley. CHON LNU told him to go North on Interstate 5 and then to go East on the 54. As the approached Jamacha Boulevard CHON LNU told SA Estebanez to exit at the next exit which is Jamacha Road. CHON LNU than told SA Estebanez to take a left (North) on Sweetwater Road. CHON next told SA Estebanez to make a right on Tyler Street. As CHON LNU and SA Estebanez neared Bancroft Elementary School, CHON LNU told SA Estebanez to stop in the dirt drive way behind the blue house and next to the paved driveway of a duplex house with the address of 2388A Bancroft Drive, Spring Valley, California, 91977. CHON LNU made a telephone call and a Hispanic male came out of the house. SA Estebanez got tools out of the center console of the vehicle and asked the man from the house if he had any tools they could use. The man from the house re-entered 2388A Bancroft Drive and came out with a few wrenches. The man from the house asked SA Estebanez if he had a lot to unload. SA Estebanez began working to remove the narcotics loaded in the vehicle with CHON LNU helping him. The man from the house opened the hood of the car and stated that it would make it look more like they were working on the vehicle. The man from the house walked away from the vehicle and towards Tyler Street. As the man from the house approached Tyler Street he was looking around and was in the vicinity of several unmarked law enforcement vehicles. In addition visibility concerning the safety of SA Estebanez was limited and the order was given to end the operation and make arrests. The man from the house was arrested near Tyler Street and identified as Dimas ALCARAZ-Preciado. One male (CHON, LNU) was arrested near the car and identified as Sergio MARES-Guerrero. An adult female (later identified as Bertha Alicia Hernandez)(Date of Birth 06/23/1968) was observed inside the fenced backyard of 2388A Bancroft and was ordered to come out. Instead she fled into the house. Agents followed her into the house securing her, a 21 year old male named Jose Luis ECHEARAY (DOB: 06/17/1986), and a minor male child. A security sweep was performed and the residence was secured.

10. Upon arrest, the following cellular telephones were found on the person of CORTEZ, ALCARAZ-Preciado, and MARES-Guerrero respectively:

    Motorola I560 Mobile Telephone
    Model No.: I560
    Serial No: Removed (scratched off)
    Battery Serial No.: SNN5705C
    (Benjamin CORTEZ)

    Nokia Mobile Telephone
    Model No.: 3500B
    Serial No.: IMEI: 358665/01/552432/3
    (Benjamin CORTEZ)

       Samsung Mobile Telephone
       Model No.: SGH-T219S
       Serial No.: RU7Q111679N
       (Dimas ALCARAZ-Preciado)

       Samsung Mobile Telephone
       Model No.: SGH-E236
       Serial No.: RC1P979673H
       (Sergio MARES-Guerrero)

       Samsung Mobile Telephone
       Model No.: SGH-4707
       Serial No.: RVWP734069W
       (Sergio MARES-Guerrero)

### **BASIS FOR EVIDENCE SOUGHT IN SEARCH WARRANTS**

11. Based upon my training and experience in drug, I have learned that individuals involved in drug dealing use digital and cellular phones, in part to increase their mobility and to provide the smugglers with instant access to phone calls and voice messages. Drug smuggling organizations also use digital and cellular phones, in part, because these individuals believe law enforcement is unable to track the originating and destination phone numbers of calls placed to and from digital and cellular phones.

12. In preparing this affidavit, I have consulted with other agents who are experienced in drug smuggling prosecutions and investigations, and the opinions in the above paragraph are shared by them.

13. Agents with Immigrations and Customs Enforcement will deliver the cell phones to cell phone forensic examiners at the ICE Special Agent In Charge (SAC) Office. These examiners may be able to determine the PINs, turn on the cell phones, and retrieve data from the cell phones. Unlike typical computers, cell phones do not have hard drives and store information in volatile memory. Current technology does not provide solutions for imaging the data stored in cell phone memory. Consequently, the phones will have to be powered up and turned on by forensic examiners. The examination may be delayed due to the lack of the appropriate charging device. The examiner will need to manually examine the cell phones and their functions and record their findings using digital photography. This process is time and labor intensive and depending upon the workload of the few certified cellular forensic examiners available, may take weeks or months.

I believe that CORTEZ, ALCARAZ-Preciado, and GUERRERO, as well as others yet known and unknown, have been involved in the importation, possession, and distribution of controlled substances, as well as conspiracy to do the same. I also believe that CORTEZ, ALCARAZ-Preciado, and GUERRERO, and others have used cellular and digital telephones to coordinate, direct, and facilitate these crimes.

15. Based upon my experience and training, consultation with other law enforcement officers experienced in drug investigations and all the facts and opinions set forth in this affidavit, I believe that grounds for the issuance of a search warrant exist to search the cellular telephones as described in Attachment "A", and seizing the evidence set forth in Attachment "B".

*[signature]*
Joel M. Dolloff, Special Agent
U.S. Immigration and Customs Enforcement
Department of Homeland Security

*Sworn and executed before me this 26th day of June 2008*

*[signature]*
Magistrate Judge

## ATTACHMENT A
## FIVE MOBILE TELEPHONES

Motorola I560 Mobile Telephone
Model No.: I560
Serial No: Removed (scratched off)
Battery Serial No.: SNN5705C
(Benjamin CORTEZ)

Nokia Mobile Telephone
Model No.: 3500B
Serial No.: IMEI: 358665/01/552432/3
(Benjamin CORTEZ)

Samsung Mobile Telephone
Model No.: SGH-T219S
Serial No.: RU7Q111679N
(Dimas ALCARAZ-Preciado)

Samsung Mobile Telephone
Model No.: SGH-E236
Serial No.: RC1P979673H
(Sergio MARES-Guerrero)

Samsung Mobile Telephone
Model No.: SGH-4707
Serial No.: RVWP734069W
(Sergio MARES-Guerrero)

These telephones are currently in the possession of U.S. ICE, 2255 Niels Bohr Court, San Diego, California 92154.

# ATTACHMENT "B"
# ITEMS TO BE SEIZED

1. The phone numbers and/or direct connect and/or names and identities assigned to the cellular phones;

2. Digital, cellular, and/or telephone numbers and/or direct connect numbers, names, and identities stored in the directories;

3. Phone numbers and direct connect numbers dialed from the cellular phones and stored in memory;

4. The last number dialed from the cellular phones and;

5. Any other electronic information in the stored memory of the cellular phones, relating to violations of: (1) Title 21, United States Code, Sections 952 and 960, importation of a controlled substance, and (2) Title 21, United States Code, Sections 841 (a)(1), Possession of a controlled substance with intent to distribute, (3) Title 21 United States Code Section 846, attempt and conspiracy.